# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AURELIO PINERO, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-40080-FDS |
| ROBERT E. PINO, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON MOTION TO RECONSIDER

SAYLOR, J.

    This is an action under 42 U.S.C. § 1983 brought by a state prisoner against the Massachusetts state police. The complaint alleges that the Pinero was indicted on charges of rape, based on evidence collected through improper investigatory techniques, and that defendant Robert Pino failed to convey exculpatory evidence to the investigating office, the district attorney, or the grand jury, and that this error led to a malicious prosecution. Although the charge against Pinero was dismissed, he alleges that the charge has had a negative affect on his classification within the Department of Correction, his eligibility for parole, and his reputation among the prison population, family members, friends, and the public. He contends that these circumstance constitute violations of his rights under the Fourth, Eighth, and Fourteenth Amendments.

    On May 11, 2011, this Court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and determined that it failed to state a claim. Accordingly, the Court issued an order directing plaintiff to show cause why this action should not be dismissed. Plaintiff responded to the Court's show-cause order, but the Court determined that the complaint failed to state a claim

and dismissed the action.

Plaintiff has appealed the dismissal of the action and has also filed a motion with this Court to reconsider its order of dismissal. For the following reasons, the motion will be denied.

I. **Background**

On April 12, 2011, Aurelio Pinero, Jr., who is incarcerated at the North Central Correctional Institution at Gardner, filed a self-prepared complaint and a motion to proceed *in forma pauperis*.

The complaint alleges as follows: On February 27, 2004, Pinero was interviewed by Massachusetts State Police Troopers Christopher Wilcox and Margaret Gaffney about a rape that had occurred in 1994. This interview "was the result of a forensic sample profile DNA matched to [Pinero]." (Compl. ¶ 8). Robert E. Pino, CODIS Administrator for the Massachusetts State Police, had informed Trooper Wilcox that Pinero's DNA matched the forensic sample collected as part of the investigation into the 1994 rape.

On January 19, 2007, a grand jury in Hampden County heard testimony concerning the 1994 rape. Only Trooper Wilcox testified; "no other witness including the victim was present." (*Id.* ¶ 16). An indictment was returned that day charging Pinero with rape. On February 6, 2007, he was arraigned in state court for the crime. "After numerous hearings and court appearances, [o]n April 24, 2009, a Nolle Prosequi was entered and the case was dismissed against the plaintiff." (*Id.* ¶ 11).[1] Although the charge against Pinero was dismissed, the charge has had a

---

[1] According to a document attached to the complaint, the Commonwealth entered a *nolle prosequi* because the victim refused to testify about the rape that had occurred 15 years earlier. (*See* Complaint, Ex. B (docket entry 1-3, p.41) ("The victim has unequivocally stated to the victim witness advocate, to the chief investigating state police officer, and to the prosecutor that she will not testify. Despite the solid DNA evidence linking this defendant to this allegation of rape, the Commonwealth needs the victim's testimony to prove the

2

negative affect on his classification within the Department of Correction, his eligibility for parole, and his reputation among the prison population, family members, friends, and the public. The rape charge has also caused Pinero to suffer stress, humiliation, and embarrassment.

On April 12, 2011, plaintiff filed a self-prepared complaint and a motion to proceed *in forma pauperis*. The complaint asserts a claim under 42 U.S.C. § 1983 against Trooper Wilcox, Pino, and the Office of the Attorney General, contending that plaintiff's Fourteenth Amendment right to due process and his rights under the Eighth Amendment were violated. The basis of his claim is that

> the Massachusetts Crime Lab. failed to conduct a proper and completed DNA testing and analisys [sic], when the Massachusetts State Police lead [sic] by trooper Chris Wilcox failed to conduct a proper investigation, and when the Commonwealth sought a malicious prosecution without the proper basis and without the evidence to support the claims against the plaintiff.

(*Id.* ¶ 14). He maintains that "[a] DNA match standing alone is not [enough] evidence to charge someone with criminal charges, [especially] charges of the nature of what this plaintiff was charged with." (*Id.* ¶ 16). He also alleges that "not removing the dismissed charges or sealing said charges from the plaintiff's record, also violates the plaintiff's Due Process Rights, as is the misuse of a criminal charge to harm the plaintiff." (*Id.* ¶ 15). In addition, he seeks recovery for defamation of character and emotional and physical distress.

On May 11, 2011, this Court granted the motion to proceed *in forma pauperis*, and issued an order directing plaintiff to show cause why this action should not be dismissed because the complaint failed to allege the deprivation of a federal right. On June 21, 2011, plaintiff filed a response to that order. In it, he contended that defendant Pino violated his Fourth Amendment

---

necessary elements of the indictment.")).

3

rights by failing to report potentially exculpatory DNA evidence. Plaintiff further contended that his Eighth Amendment rights were violated as a result of his treatment prior to his court appearances. He asserted that the indictment affected his parole eligibility, which is a protected liberty interest, and that he was deprived of it in violation of his Fourteenth Amendment Due Process rights. He also argued that defendants maliciously prosecuted him in violation of the Fourth Amendment. Finally, he challenged whether the evidence presented to the grand jury was sufficient to support the indictment.

On December 8, 2011, this Court dismissed the action for failure to state a claim notwithstanding the clarified allegations in the response to the show-cause order.

## II. <u>Standard of Review</u>

"When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions." *Davis v. Lehane,* 89 F. Supp. 2d 142, 147 (D. Mass. 2000). "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009).

Plaintiff does not present newly discovered evidence or contend that there has been any intervening change in the law. Thus, plaintiff must show that the Court's decision was based on a manifest error of law or was clearly unjust. The granting of such a motion is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). "Unless

the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Palmer*, 465 F.3d at 30.

## III. Analysis

### A. Fourth Amendment Claim

Plaintiff does not contest the Court's determination "Pino's failure to disclose potentially exculpatory evidence to the grand jury is not a violation of plaintiff's Fourth Amendment rights." (May 11, 2011 Order, at 5). However, he does assert that the Court failed to consider his allegations that Pino withheld that evidence from the investigating officer and the district attorney's office.[2]

Although plaintiff's assertion is accurate, it does not warrant reconsideration of the previous order. The fact remains that plaintiff has never alleged a search or seizure within the meaning of the Fourth Amendment or that a warrant issued without probable cause. The Fourth Amendment provides that "[t]he right of the people to be secure . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." This protection does prohibit "arrests procured on the basis of material false statements or testimony given in reckless disregard for the truth." *Martinez-Rodriguez v. Guevara*, 597 F.3d 414, 420 (1st Cir. 2010). Likewise, "there is a clearly established Fourth Amendment right not to

---

[2] Plaintiff also contends that Wilcox's testimony before the grand jury violated his rights under the Confrontation Clause of the Sixth Amendment. Plaintiff did not raise this issue in his complaint or earlier memoranda, and in any event, plaintiff does not have a right to confront witnesses in a grand jury proceeding. *See Crawford v. Washington*, 541 U.S. 36, 42-43, 50 (2004) ("[T]he principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused.").

5

be indicted and arrested on the basis of false or misleading statements given before a grand jury." *Id.* Here, however, there is no allegation that any arrest that might constitute a seizure in violation of these rights ever occurred—plaintiff was apparently already a state prisoner at the time of the proceedings. (Compl. Ex. A). Thus, the Court's omission of a discussion of defendant Pino's alleged failure to submit potentially exculpatory evidence to the investigating officer or the district attorney caused no injury to defendant within the meaning of the Fourth Amendment.[3] Because the decision neither contained a manifest error of law nor was clearly unjust, reconsideration on this issue will be denied.

### B. Eighth Amendment Claim

With respect to his Eighth Amendment claims, plaintiff merely restates his previous arguments—that in the course of attending pre-trial meetings, his Eighth Amendment right against cruel and unusual punishment was violated because he was woken up early and shackled for transport to court. The Court sees no clear error or injustice in its previous rulings (1) that Eighth Amendment protections against cruel and unusual punishment do not attach until after a person has been judged guilty, *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 9 (1st Cir. 2007); (2) that the alleged treatment does not rise to the level of a constitutional violation, *Whitley v. Albers*, 475 U.S. 312, 319 (1986); and (3) that any causal link between defendants' conduct and the alleged constitutional violations is far too weak to support a claim, *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005). Accordingly, it will not reconsider its judgment as to this issue.

---

[3] Similarly, the Court will deny plaintiff's motion to reconsider his Fourth Amendment malicious prosecution claim. *See Jacobs v. City of Pittsburgh*, 2011 WL 1584869, at *4 (W.D. Pa. Feb. 18, 2011) (finding that an incarcerated prisoner cannot bring a malicious prosecution action under the Fourth Amendment because he has already been deprived of liberty).

6

### C. Due Process Claim

Plaintiff does not argue that the Court erred in its ruling that the complaint failed to state a claim under the Fourteenth Amendment because "the Due Process Clause of the Fourteenth Amendment does not provide a substantive right to be free from criminal prosecutions unsupported by probable cause." *Britton v. Maloney*, 196 F.3d 24, 28 (1st Cir. 1999). Accordingly, the motion to reconsider will be denied as to that issue.[4]

## IV. Conclusion

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: April 3, 2012

---

[4] Although plaintiff did not specifically request reconsideration on the issue, his memorandum generally asserts that the dismissed indictment will impact his parole eligibility. Plaintiff, however, has not alleged any facts to support this assertion. *See LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir. 1998) (In [considering a motion to dismiss], we differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." (citing *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). In any event, plaintiff has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979), and "the Massachusetts parole statute . . . does not create a liberty interest in the grant of parole that is protected by the Due Process Clause of the Fourteenth Amendment." *Seaver*, 2010 WL 4485947, at *1 (citing *Lynch v. Hubbard*, 47 F. Supp. 2d 125, 127-29 (D. Mass. 1999)); *accord Lanier v. Fair*, 876 F.2d 243, 251 n.10 (1st Cir. 1989). The Court also notes that although plaintiff *may* have a liberty interest in expunging *incorrect* information from his parole file, he has not alleged that the information in his file is false, only that his file contains information regarding the dismissed indictment. *See Phillips v. Conrad*, 2011 WL 309677, at *9 (D. Mass. Jan. 28, 2011) (discussing test applied in *Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979)); *Johnson v. Rodriguez*, 110 F.3d 299, 309 n. 13 (5th Cir. 1997) ("Although *Paine* has not been expressly overruled, subsequent Fourth Circuit cases . . . undercut any contention that the *Paine* analysis is still viable in the circuit which initially formulated it."); *Plitt v. Gonzalez*, 2011 WL 3813099, at *3 (E.D. Cal. Aug. 26, 2011) ("The *Paine* test appears to be suffering a death by a thousand cuts, calling its viability into doubt since nearly its inception.").